**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-cr-263** |
| | : | |
| **ANTHONY MORRISON,** | : | |
| **Defendant.** | : | |

## SENTENCING RECOMMENDATION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in resentencing the defendant, Anthony Morrison, following his anticipated admissions to multiple violations of his supervised release, as described in the Probation Petition filed on January 14, 2026.  ECF No. 57.  The United States respectfully asks the Court to impose a sentence of no more than four months' incarceration, which is within the sentencing guidelines.  In addition, the United States requests that the Court impose a supervised release term of 60 months, with a condition of supervised release that the defendant complete inpatient mental health treatment. This sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  18 U.S.C. § 3553.

### BACKGROUND

On August 27, 2019, the defendant, Anthony Morrison, pled guilty to one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).  On July 16, 2020, the Court imposed a sentence of seventy-two months incarceration, to be followed by five years of supervised release.  Morrison served his sentence of incarceration and began supervision on April 22, 2024.

Following his release from custody  after his initial sentencing, Morrison found employment at IHOP, as well as housing, and made early efforts to comply with supervision. However, on April 1, 2025, he was arrested for violating the terms of his supervision by possessing a hatchet and, on a separate occasion, threatening supervision officers who conducted a compliance check on his residence.  On July 22, 2025, the Court sentenced the defendant to time served followed by 48 months of supervised release.

On January 7, 2026, the defendant was arrested for violating his supervised release based on two violations: 1) the defendant viewed child pornography and 2) the defendant possessed a firearm and ammunition. With respect to the first violation, Probation Officer Shonte Brittle reviewed a Spotlight report which included screenshots of the defendant's electronically monitored cell phone. The screenshots showed that between between 1:21 AM and 2:03 AM, on January 3, 2026, nine images of child sexual abuse material were viewed on the defendant's phone. With respect to the second violation, Probation Officer Brittle observed a photograph on the defendant's phone on December 17, 2025, depicting him holding a firearm. Additionally, PO Brittle observed a photograph depicting multiple rounds of ammunition on the defendant's phone.

Following the defendant's January 7 arrest on the violation, the government obtained a search warrant for the defendant's device. A review of the device did not show any child pornography on the device nor did it reveal any attempts to access child pornography.

With respect to the second violation, the firearm and ammunition depicted in the above-described photographs were not recovered.

## RECOMMENDATION

In determining a reasonable sentence, the Court must consider the factors listed in 18 U.S.C. § 3553(a).  These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
(3) the kinds of sentences available;
(4) the applicable sentencing guidelines range for the offense;
(5) pertinent policy statements issued by the U.S. Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, a sentence of four months of incarceration is appropriate to address the 3553(a) factors.

With respect to the nature and circumstances of the violations, these violations, particularly in light of the defendant's prior violations, are very troubling. They should be viewed, however, in the context of his inability to access mental health medication due to a lapse in his health insurance. There is no evidence on the defendant's phone that he engaged in viewing child pornography or possessing what appears to be a firearm and ammunition prior to the issue with his mental health medication. Given that his conduct occurred within the time frame that he could not access his mental health medication, a sentence of four months is appropriate.

The violations here reflect that the defendant requires consistent mental health treatment to be successful on supervised release. Participation in inpatient mental health treatment must be a condition of his supervised release. The defendant's prior violation also appears to stem from significant anger issues that should also be addressed through mental health treatment. Therefore, a lengthy period of supervised release which includes a condition of inpatient mental health

treatment would be appropriate. Given the short period of time between violations in this matter, it would also be prudent for the Court to schedule a status hearing in this matter within 60 days of the defendant's release from custody to ensure that he is adhering to the terms of his supervised release.

## CONCLUSION

For the reasons addressed above, the United States respectfully requests that the Court impose a term of incarceration of no more than four months of incarceration, to be followed by 60 months of supervised release, to include the special condition that Morrison participate in inpatient mental health treatment.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:      /s/ _____
         Janani Iyengar
         Assistant United States Attorney
         NY Bar No. 5225990
         U.S. Attorney's Office
         601 D Street, N.W.
         Washington, D.C. 20530
         202-252-7760
         Janani.iyengar@usdoj.gov